13-3738-cv
*Aircraft v. Oceanic*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of October, two thousand fourteen.

PRESENT:     PIERRE N. LEVAL,
             DENNY CHIN,
             SUSAN L. CARNEY,
                      *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

AIRCRAFT SERVICES RESALES LLC, a
Delaware company, 300 Corporate Drive, Suite 2,
Mahwah, New Jersey 07430,
                      *Plaintiff-Appellee,*

             v.                                              13-3738-cv

OCEANIC CAPITAL COMPANY LIMITED, a
Nigerian company, 19A A Adeola Odeku,
Victoria Island, Lagos, Nigeria,


                      *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLEE:                    J. DOUGLAS BALDRIDGE (Brian C. Dunning,
                                           David N. Cinotti, *on the brief*), Venable LLP,
                                           Washington, DC, and New York, NY.

FOR DEFENDANT-APPELLANT:                    ROBERT C. SENTNER (Nicole F. Mastropieri, *on
                                           the brief*), Nixon Peabody LLP, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Castel, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Oceanic Capital Company Limited ("Oceanic") appeals from the judgment of the district court entered September 4, 2013, awarding plaintiff-appellee Aircraft Services Resales LLC ("Aircraft Services") damages and prejudgment interest totaling $10,051,113.64. Following a bench trial, the district court filed findings of fact and conclusions of law on August 14, 2013, holding that the parties had orally extended the closing date of Oceanic's agreements to purchase helicopters from Aircraft Services. We assume the parties' familiarity with the facts, procedural history, and issues for review, which we briefly summarize below.

In July 2008, the parties executed three agreements for Oceanic to purchase from Aircraft Services helicopters bearing serial numbers 760469, 760499, and 760512 (the "'469 Aircraft," "'499 Aircraft," and "'512 Aircraft"). The closing date for the '512 Aircraft was originally July 31, 2008, and for the remaining two aircraft August 8, 2008. Pursuant to the agreements, any modifications to the agreements were to be

made "by an instrument in writing executed subsequent to the date hereof by authorized representatives of both Parties." On August 15, 2008, the parties agreed in writing to extend the closing date of the three agreements to September 5, 2008.

In November 2008, Oceanic closed on the '512 Aircraft. Oceanic did not close on the '469 or '499 Aircraft and on September 23, 2009, Aircraft Services brought suit for breach of contract. The district court held that the parties orally modified the '469 and '499 agreements to extend the closing date to July 2009, that the modification was enforceable, and that Oceanic breached the agreements by failing to purchase the helicopters.

On appeal, Oceanic challenges the district court's rulings that the parties modified their agreements to extend the closing date and that Oceanic breached the agreements in July 2009. We review the district court's findings of fact for clear error and its conclusions of law *de novo*. *See Bessemer Trust Co., N.A. v. Branin*, 618 F.3d 76, 85 (2d Cir. 2010). "We will not upset a factual finding unless we are left with the definite and firm conviction that a mistake has been committed." *White v. White Rose Food*, 237 F.3d 174, 178 (2d Cir. 2001) (internal quotation marks omitted).

Under New York law, as a general matter, a contract containing a proscription against oral modification cannot be changed "unless such executory agreement is in writing and signed by the party against whom enforcement . . . is sought." N.Y. Gen. Oblig. Law § 15-301(1). There are two exceptions to this rule. First,

under the principle of equitable estoppel, if "a party to a written agreement has induced another's significant and substantial reliance upon an oral modification," then the party may be estopped from invoking the bar on oral modification. *Rose v. Spa Realty Assocs.*, 42 N.Y.2d 338, 344 (1977). Second, where there is "partial performance of the oral modification sought to be enforced," the requirement of a writing may be avoided. *Id.* at 343. To invoke equitable estoppel, the parties' conduct "must not otherwise be compatible with the agreement as written" and, for partial performance, the parties' conduct must "be unequivocally referable to the oral modification." *Id*. at 343-44. Here, the district court held that both exceptions applied.

We conclude that the district court's findings of facts were not clearly erroneous and that it correctly held that Aircraft Services and Oceanic made an enforceable modification to the closing date of their agreements to July 2009. The following evidence supports the district court's holding: On October 8, 2008, Oceanic emailed Aircraft Services and stated that Oceanic was "sorting out" the closing date for the remaining two helicopters. J.A. at 693. In November 2008, Oceanic communicated to Aircraft Services its intent to close in early 2009, and paid an additional $152,500 as a good faith deposit applicable to the cost of the helicopters. When the transaction did not close in January 2009, the Chairwoman of Oceanic's parent advised Aircraft Services that Oceanic was still committed to purchasing the aircraft and requested assistance from Aircraft Services to find financing. At a meeting in April 2009, Oceanic assured

4

Aircraft Services that "everything was on track to close" in July 2009 and that Oceanic was "fully committed to proceed and complete the transaction." J.A. at 357. Oceanic also acknowledged in an internal email that "[Oceanic is] contractually obligated to put up the money and take delivery of these helicopters" and that Oceanic "should go ahead and close this transaction." J.A. at 779. In June 2009, Oceanic sent Aircraft Services an "additional deposit" of $500,000 to be applied to the cost of the helicopters. J.A. at 625. In the spring of 2009, Aircraft Services traveled to Lagos, Nigeria to discuss modifications to the helicopters with Oceanic operations personnel. As a result of these communications and the $152,500 and $500,000 deposits, Aircraft Services kept the helicopters off the market.

On this basis, the district court found that Aircraft Services was induced by Oceanic's agreement to extend the closing date and its additional payments to keep the helicopters off the market until July 2009. This finding was not clear error, and it satisfies the standards imposed by *Rose*.

\* \* \*

We have considered Oceanic's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5